FILED
CLERK, U.S. DISTRICT COURT
JUL 30 2024
CENTRAL DISTRICT OF CALIFORNIA
BY: ___rsm___ DEPUTY

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>DAVID OZER,<br><br>    Defendant. | CR No. **2:24-CR-00463-SB**<br><br>I N F O R M A T I O N<br><br>[18 U.S.C. § 1343: Wire Fraud; 18 U.S.C. § 1028A(a)(1): Aggravated Identity Theft; 18 U.S.C. § 981(a)(1)(C), 28 U.S.C. § 2461(c): Criminal Forfeiture] |

The United States Attorney charges:

COUNT ONE

[18 U.S.C. § 1343]

A.   INTRODUCTORY ALLEGATIONS

1.   At times relevant to this Information:

   a.   Strong Studios, Inc., was a Delaware corporation and film production company based in Charlotte, North Carolina.

   b.   Strong Studios owned Safehaven 2022, Inc., a Delaware corporation, which was a special production vehicle for Safehaven, a supernatural thriller television series.

   c.   Defendant DAVID OZER, a resident of Roslyn Heights, New York, was a film producer and the president of Strong Studios and owed fiduciary duties to both Strong Studios and Safehaven 2022.

   d. Safehaven 2022 held an account with Bank of Hope, which is based in Los Angeles, California (the "Bank of Hope Account"). Defendant OZER was the sole authorized signer on the Bank of Hope Account.

   e. Ravenwood-Productions, LLC ("Ravenwood") was a financial backer of Safehaven 2022 and held 75 percent of the intellectual property associated with the Safehaven project.

   f. Strong Studios was represented by an attorney based in Mooresville, North Carolina (the "Mooresville Attorney").

   g. Ravenwood and its principal were represented by an attorney based in Woodland Hills, California (the "Woodland Hills Attorney").

B. SCHEME TO DEFRAUD

  2. Beginning no later than on or about February 23, 2023, and continuing through at least on or about January 3, 2024, in Los Angeles County, within the Central District of California, and elsewhere, defendant OZER, knowingly and with the intent to defraud, devised, participated in, and executed a scheme to defraud Ravenwood as to material matters, and to obtain money and property by means of material false and fraudulent pretenses, representations, promises, and the concealment of material facts.

  3. The scheme to defraud operated, in substance, as follows:

   a. Without authorization and without disclosing to Ravenwood or its principal his intention to do so, defendant OZER withdrew funds from the Bank of Hope Account for his personal use.

   b. In other instances, defendant OZER used false pretenses to cause the withdrawal of funds from other Safehaven 2022 bank accounts for his personal use.

   c. To create the false appearance that the funds he embezzled were spent on legitimate production costs, defendant OZER created fraudulent accounting records, including falsified invoices and forged correspondence from his accountant.

   d. Defendant OZER caused the Mooresville Attorney to transmit the falsified accounting records to the Woodland Hills Attorney by means of email communication in interstate commerce.

C. INTERSTATE WIRE COMMUNICATION

  4. On or about January 3, 2024, in Los Angeles County, within the Central District of California, and elsewhere, for the purpose of executing the scheme to defraud described above, defendant OZER caused the transmission of a wire communication in interstate commerce, namely, an email from the Mooresville Attorney to the Woodland Hills Attorney.

COUNT TWO

[18 U.S.C. § 1028A(a)(1)]

5. The United States Attorney realleges paragraphs 1, 3, and 4 here.

6. On or about January 3, 2024, in Los Angeles County, within the Central District of California, and elsewhere, defendant OZER knowingly possessed, transferred, and used, without lawful authority, means of identification that defendant OZER knew belonged to another person, that is, the name of victim A.C., during and in relation to the offense of Wire Fraud, a felony violation of Title 18, United States Code, Section 1343, as charged in Count One of this Information.

FORFEITURE ALLEGATION

[18 U.S.C. § 981(a)(1)(C); 28 U.S.C. § 2461(c)]

7.  Pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure, notice is hereby given that the United States of America will seek forfeiture as part of any sentence, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), in the event of defendant DAVID OZER's conviction of the offense set forth in Count One of this Information.

8.  Defendant OZER, if so convicted, shall forfeit to the United States of America the following:

   a.  All right, title, and interest in any and all property, real or personal, constituting, or derived from, any proceeds traceable to the offense; and

   b.  To the extent such property is not available for forfeiture, a sum of money equal to the total value of the property described in subparagraph (a).

9.  Pursuant to Title 18, United States Code, Section 981(a)(1)(c), as incorporated by Title 28, United States Code, Section 2461(c), defendant OZER, if so convicted, shall forfeit substitute property, up to the total value of the property described in the preceding paragraph if, as the result of any act or omission of the defendant, the property described in the preceding paragraph, or any portion thereof: (a) cannot be located upon the exercise of due diligence; (b) has been transferred, sold to or deposited with a third party; (c) has been placed beyond the jurisdiction of the Court; (d) has been substantially diminished in value; or (e) has

//

//

5

1  been commingled with other property that cannot be divided without
2  difficulty.
3
4                                         E. MARTIN ESTRADA
                                          United States Attorney
5
6                                         [signature]
7                                         MACK E. JENKINS
                                          Assistant United States Attorney
8                                         Chief, Criminal Division
9                                         BRETT A. SAGEL
                                          Assistant United States Attorney
10                                        Chief, Corporate and Securities
                                             Fraud Strike Force
11
                                          ALEXANDER B. SCHWAB
12                                        Assistant United States Attorney
                                          Deputy Chief, Corporate and
13                                           Securities Fraud Strike Force

14                                        MATT COE-ODESS
                                          Assistant United States Attorney
15                                        General Crimes Section
16
17
18
19
20
21
22
23
24
25
26
27
28